THE STATE use of ELIZA A. BROWN *vs.* WILLIAM BROWN.

The condition of an administrator's bond does not extend to rents.

Debt on an administration bond, by an heir at law. Narr suggesting breaches. Pleas, Rep. Issue.

The only question was whether the administrator and his surety were liable on his bond for rents received after the death of the intestate.

Mr. *Wootten* thought the act of assembly not so plain as to preclude argument on this point. He thought the construction should be, that the bond of an administrator did not compel him to receive the rents, but should extend to cases where he did receive them.

Clayton, *Ch. Justice.*—It was decided in Kent, twenty-five years ago, by the late Court of Common Pleas in *Vanhoy's* case that, even under the old law, you could not bring an action on the bond for rents. The reason was, that the condition of the administration bond did not cover rents, but was only for the faithful administration of the goods and chattels, rights and credits of the decedent. Rents are not such. The late Supreme Court made the same decision in the case of *Barber* vs. *McClyment's Ex'rs.* It is true, the act of assembly makes them *quasi* assets for the payment of debts, but they do

not therefore, come within the condition of the bond. They may be recovered in an action of assumpsit. (Dig. 228.)

Judgment of nonsuit.

*Wootten* for plaintiff,

*Layton* and *Frame* for defendants.

